# EXHIBIT A

# CHARLES M. ALPERT

Attorney at Law
929 Worcester Road
Framingham, MA 01701

(508) 626-8885                                                    (508) 820-0371 (FAX)

**Via Certified Mail, Return Receipt Requested. No.:** 7021 1970 0000 5372 8646
February 24, 2020

**Pipco Transportation, Inc.**
**712 N. Shiloh Avenue**
**Rosenhayn, NJ 08352**

RE:   JMIA FADDI, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MUSTAPHA FADDI, MEHDI FADDI, ZAKARIA
FADDI, and SOUFIANE FADDI, Plaintiffs
vs.
RONNIE SEAMON, FARM CREDIT EAST ACA, PIPCO
TRANSPORTATION, INC. and F&S PRODUCE COMPANY, INC.

Middlesex County, Massachusetts Superior Court, Civil Action No.
2181CV06553

Dear Sir/Madam:

Enclosed please find copies of a Summons, Complaint, Civil Action Cover Sheet and
Tracking Order relative to the above-referenced lawsuit.

These documents are being served on you pursuant to Massachusetts General Laws
Chapter 223A, Sections 2 3, 4 and 6 and Massachusetts Rule of Civil Procedure 4.

Please be advised that, as indicated in the enclosed documents, **you are being sued.**

As noted in the enclosed Summons, **your company (or someone on its behalf) must
respond to this lawsuit in writing within 20 days.** You must file a written response to the
enclosed Complaint with the Middlesex County Superior Court in Massachusetts **and** mail a
copy to the undersigned, Plaintiffs' Attorney, within twenty days of the service of these
documents on you.

Your prompt attention to this important matter is appreciated.

Sincerely,

Attorney for Plaintiffs:

Charles M. Alpert, Esq., BBO# 631529
Law Office of Charles M. Alpert
929 Worcester Road
Framingham, Massachusetts 01701
Tel: (508) 626-8885
Email: cmalpert@yahoo.com

Enclosures

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2181 CV 06553

JMIA FADDI et al. , PLAINTIFF(S),

V.

PIPCO TRANSPORTATION , DEFENDANT(S)
INC, et al,

**SUMMONS**

THIS SUMMONS IS DIRECTED TO PIPCO TRANSPORTATION INC, (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the MIDDLESEX, MA Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**
SUPERIOR

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, MIDDLESEX Court,
   SUPERIOR
   _____ (address), by mail or in person, **AND**   200 TRADE CENTER
   WOBURN MA 01801

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
   address: CHARLES M. ALPERT ESQ 929 WORCESTER RD. FRAMINGHAM MA 01701

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
**"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov.courts/case-legal-res/rules of court.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2181CV06553 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Jmia Faddi et al vs. Ronnie Seamon et al | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: Charles M Alpert, Esq. Attorney at Law 929 Worcester Rd Framingham, MA 01701 | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/23/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 04/22/2022 | |
| All motions under MRCP 12, 19, and 20 | 04/22/2022 | 05/23/2022 | 06/21/2022 |
| All motions under MRCP 15 | 02/16/2023 | 03/20/2023 | 03/20/2023 |
| All discovery requests and depositions served and non-expert depositions completed | 12/13/2023 | | |
| All motions under MRCP 56 | 01/12/2024 | 02/12/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/10/2024 |
| Case shall be resolved and judgment shall issue by | | | 12/23/2024 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 12/27/2021 | ASSISTANT CLERK Arthur T DeGuglielmo | PHONE (781)939-2754 |
|---|---|---|

Date/Time Printed: 12-27-2021 09:00:13                    SCV026, 08/2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Woburn) |

| Plaintiff | JMIA FADDI, Individually and as Personal Representative of the Estate of Mustapha Faddi | Defendant: | Ronnie Seamon |
|---|---|---|---|
| ADDRESS: | 19 Broad Street, Apt. 1, Marlborough MA 01752 | ADDRESS: | 550 East Henry Street, Linden, New Jersey 07036 |

| Plaintiff Attorney: | Charles M. Alpert | Defendant: | Farm Credit East ACA |
|---|---|---|---|
| ADDRESS: | Law Offices of Charles M. Alpert | ADDRESS: | 240 South Road, Enfield CT 06082 |
| 929 Worcester Road, Framingham MA 01701 | | | |
| BBO: | 631529 | | |

| Plaintiff: | MEHDI FADDI | Defendant: | Pipco Transportation, Inc. |
|---|---|---|---|
| ADDRESS: | 65 Winooski Falls Way, Apt. 401, Winooski VT 05404 | ADDRESS: | 712 N. Shiloh Avenue, Rosenhayn, New Jersey 08352 |

| Plaintiff: | ZAKARIA FADDI | Defendant: | F&S Produce Company, Inc. |
|---|---|---|---|
| ADDRESS: | 19 Broad Street, Apt. 1, Marlborough MA 01752 | ADDRESS: | 500 West Elmer Road, Vineland, New Jersey 08360 |

| Plaintiff: | SOUFIANE FADDI | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | 19 Broad Street, Apt. 1, Marlborough MA 01752 | ADDRESS: | |
| | | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B08 | Wrongful Death - Non-medical | A | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES   ☒ NO          Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

| | |
|---|---|
| 1. Total hospital expenses | |
| 2. Total doctor expenses | |
| 3. Total chiropractic expenses | |
| 4. Total physical therapy expenses | |
| 5. Total other expenses (describe below) | $6,200.00 |
| Funeral expenses | |
| Subtotal (1-5): | $6,200.00 |
| B. Documented lost wages and compensation to date | $65,000.00 |
| C. Documented property damages to date | $10,000.00 |
| D. Reasonably anticipated future medical and hospital expenses | |
| E. Reasonably anticipated lost wages | $2,000,000.00 |
| F. Other documented items of damages (describe below) | $30,000,000.00 |
| Conscious pain and suffering, loss of consortium, loss of decedent's fair monetary value to the estate, and punitive damages | |
| TOTAL (A-F): | 32,081,200 |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

On February 13, 2021, Plaintiff's decedent Mustapha Faddi sustained serious personal injuries and was caused to die when he was struck by a tractor

trailer truck owned and operated by the Defendants.

## CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X | | Date: | December 23, 2021 |
|---|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X | | Date: | December 23, 2021 |
|---|---|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E(X) | |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123,§ 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c.123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M (X) | |
| E27 Minor Seeking Consent, G.L. c.112, § 12S(X) | |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

1

## COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT DEPARTMENT

MIDDLESEX, SS

SUPERIOR COURT
CIVIL ACTION NO.:

JMIA FADDI, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF MUSTAPHA FADDI, MEHDI
FADDI, ZAKARIA FADDI, and SOUFIANE
FADDI,
    Plaintiffs

V.

RONNIE SEAMON, FARM CREDIT EAST
ACA, PIPCO TRANSPORTATION, INC.
and F&S PRODUCE COMPANY, INC.,
    Defendants

**RECEIVED**

12/23/2021    HG

**PLAINTIFFS' COMPLAINT
AND DEMAND FOR JURY
TRIAL**

### THE PARTIES

1. The plaintiff, Jmia Faddi, is an individual residing at 19 Broad Street, Apt 1, Marlborough Massachusetts. She is the wife of Plaintiff's Decedent Mustapha Faddi.

2. Plaintiff's Decedent Mustapha Faddi was born on July 1, 1963. He passed away on February 13, 2021 at the age of 57 years as a direct result of injuries sustained in the subject automobile crash. Before his death, he resided with his wife and children in Marlborough, Middlesex County, Massachusetts.

3. Plaintiff Faddi was appointed Personal Representative of the Estate of Mustapha Faddi by the Middlesex Probate and Family Court on April 7, 2021.

4. Plaintiff Mehdi Faddi is an individual residing at 65 Winooski Falls Way, Apt 401, Winooski, Chittenden County, Vermont. He is the son of Plaintiff's Decedent.

5. Plaintiff Zakaria Faddi is an individual residing at 19 Broad Street, Apt 1, Marlborough, Middlesex County, Massachusetts. He is the son of Plaintiff's Decedent.

6. Plaintiff Soufiane Faddi is an individual residing at 19 Broad Street, Apt 1, Marlborough, Middlesex County, Massachusetts. She is the daughter of Plaintiff's Decedent.

7. The Defendant, Ronnie Seamon, is an individual residing at 550 East Henry Street, Linden, New Jersey.

8.  The Defendant, Farm Credit East ACA is a cooperative Agricultural Credit Association with a principal place of business located at 240 South Road, Enfield, CT 06082.

9.  The Defendant, Pipco Transportation, Inc., is a foreign corporation duly organized under the laws of New Jersey with a principal place of business located at 712 N. Shiloh Avenue, Rosenhayn, New Jersey.

10. The Defendant, F&S Produce Company, Inc., is a foreign corporation duly organized under the laws of New Jersey with a principal place of business located at 500 West Elmer Road, Vineland, New Jersey.

## JURISDICTION

11. Personal jurisdiction over Defendant Ronnie Seamon (hereinafter "Seamon") is conferred by M.G.L. c.223, s.3, based on Seamon's transacting  business in this commonwealth; contracting to supply services or things in this commonwealth; causing tortious injury by an act or omission in this commonwealth; causing tortious injury in this commonwealth by an act or omission outside this commonwealth; and by regularly doing and soliciting business, engaging in persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in this commonwealth.

12. Personal jurisdiction over Defendant Farm Credit East ACA (hereinafter "Farm Credit") is conferred by M.G.L. c.223, s.3, based on Farm Credit's transacting  business in this commonwealth; contracting to supply services or things in this commonwealth; (c) causing tortious injury by an act or omission in this commonwealth; causing tortious injury in this commonwealth by an act or omission outside this commonwealth; and by regularly doing and soliciting business, engaging in persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in this commonwealth.

13. Personal jurisdiction over Defendant Pipco Transportation, Inc. (hereinafter "Pipco") is conferred by M.G.L. c.223, s.3, based on Pipco's transacting  business in this commonwealth; contracting to supply services or things in this commonwealth; causing tortious injury by an act or omission in this commonwealth; causing tortious injury in this commonwealth by an act or omission outside this commonwealth; and by regularly doing and soliciting business, engaging in persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in this commonwealth.

14. Personal jurisdiction over Defendant F&S Produce Company, Inc. (hereinafter "F&S") is conferred by M.G.L. c.223, s.3, based on F&S's transacting  business in this commonwealth; contracting to supply services or things in this commonwealth; causing tortious injury by an act or omission in this commonwealth; causing tortious injury in this commonwealth by an act or omission outside this commonwealth; and by regularly doing and soliciting business, engaging in persistent courses of conduct, and deriving

substantial revenue from goods used or consumed or services rendered in this commonwealth.

## FACTS

15. On or about February 13, 2021, at approximately 5:45 AM, Plaintiff's Decedent Mustapha Faddi was the operator of a motor vehicle traveling eastbound on Route 90 East near Mile Marker 116.2 in Framingham, Middlesex County, Massachusetts.

16. Plaintiff's Decedent's vehicle experienced a mechanical issue which required him to stop driving the vehicle and pull over to the side of the road.

17. Plaintiff's Decedent pulled over to a safe spot on the side of the highway to address the mechanical problem with his vehicle.

18. At the same time and place, Defendant Ronnie Seamon was the operator of a commercial tractor trailer truck owned by and registered to Defendant Farm Credit East ACA, which was traveling eastbound on Route 90 East in Framingham, Middlesex County, Massachusetts.

19. The tractor was leased or provided to Defendant Pipco Transportation, Inc.

20. At the same time and place, Defendant Ronnie Seamon was driving Defendant Farm Credit East ACA's commercial tractor trailer truck in the course and scope of his employment with Defendant, Pipco Transportation, Inc. as an employee and/or agent of Defendant Pipco.

21. At the same time and place, Defendant Ronnie Seamon was also driving Defendant Farm Credit East ACA's commercial tractor trailer truck in the course and scope of his employment with Defendant, F&S Produce Company, Inc. as an employee and/or agent of Defendant F&S Produce.

22. At the same time and place, Defendant Ronnie Seamon was driving Defendant Farm Credit East ACA's commercial tractor trailer truck with the express or implied permission and authorization of Defendants Farm Credit East ACA, Pipco Transportation, Inc. and F&S Produce Company, Inc.

23. Prior to February 13, 2021, Defendant driver Ronnie Seamon had been involved in multiple automobile crashes.

24. As of February 13, 2021, the Defendants, Farm Credit East ACA, Pipco Transportation, Inc,. and F&S Produce Company, Inc. knew or should have known that Defendant Ronnie Seamon had been involved in multiple prior automobile crashes.

25. Despite Defendant Ronnie Seamon's demonstrated inability to operate a motor vehicle in a safe and competent manner and/or in accordance with law, the Defendants, Farm Credit

East ACA, Pipco Transportation, Inc,. and F&S Produce Company, Inc. entrusted, permitted, authorized and provided Defendant Ronnie Seamon with the commercial tractor trailer truck he was operating on February 13, 2021, and authorized, permitted, assigned and ordered him to drive it.

26. Despite Defendant Ronnie Seamon's demonstrated inability to operate a motor vehicle in a safe and competent manner and/or in accordance with the law, the Defendants, Pipco Transportation, Inc., and F&S Produce Company, Inc. hired and/or retained Defendant Ronnie Seamon as their employee and/or agent as of and through February 13, 2021.

27. At the same time and place, Defendant Ronnie Seamon operated Farm Credit's tractor and trailer unlawfully, recklessly, carelessly and in a grossly negligent manner when he collided with Plaintiff's Decedent's vehicle and with Plaintiff's Decedent Mustapha Faddi.

28. As a direct and proximate result of the aforesaid acts and conduct of the Defendants, Ronnie Seamon, Farm Credit East ACA, Pipco Transportation, Inc., and F&S Produce Company, Inc., the commercial tractor trailer truck operated by Defendant Ronnie Seamon struck Plaintiff's Decedent Mustapha Faddi and his motor vehicle, causing Plaintiff's Decedent to suffer severe injuries and later die.

29. As a result of the impact, Plaintiff's Decedent Mustapha Faddi suffered great pain of body and anguish of mind, sustained extremely serious personal injuries, and his automobile sustained significant property damage.

30. Plaintiff's Decedent Mustapha Faddi died later the same day from injuries sustained in the subject February 13, 2021 crash.

31. Driving tractor-trailers on the roads of America is dangerous, potentially causing injury and death, unless skillfully, safely, carefully and competently dne

32. Driving a tractor trailer truck involves a foreseeable risk of harm to others unless skillfully, safely, carefully and competently done.

33. Single tractor-trailers, when fully loaded, weigh as much as 80,000 pounds.

34. Defendants Ronnie Seamon, Farm Credit East ACA, Pipco Transportation, Inc., and F&S Produce Company, Inc. and their employees and agents were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations.)

35. The Motor Carrier Safety Regulations define "Motor Carrier" as a for hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories, this definition includes the term "employer." 49 CFR §390.5.

36. At all times relevant to this lawsuit, Farm Credit East ACA, Pipco Transportation, Inc. and F&S Produce Company, Inc. were "motor carriers."

37. The Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic and a freight handler. 49 CFR §390.5

38. At all relevant times, Defendant Ronnie Seamon was a driver of a commercial tractor trailer and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

39. The Motor Carrier Safety Regulations define a "shipper" as a "person who tenders property to a motor carrier or driver of a commercial motor vehicle for transportation in interstate commerce." 49 CFR §390.5

40. At all relevant times, Defendant F&S Produce Company, Inc. was a "shipper."

41. The Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 CFR §390.5

42. At all relevant times, the commercial tractor trailer truck driven by Defendant Ronnie Seamon was a "Motor Vehicle" as defined by the Motor Carrier Safety Regulations.

43. The Motor Carrier Safety Regulations define "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 CFR §390.5

44. At all relevant times the Defendants, Farm Credit East ACA, Pipco Transportation, Inc. and F&S Produce Company, Inc. were "employers."

45. "For Hire Motor Carrier" means a person engaged in the transportation of goods or passengers for compensation. 49 CFR §390.5.

46. At all relevant times the Defendants, Farm Credit East ACA and Pipco Transportation, Inc. were "For Hire Motor Carriers."

47. Interstate "Shippers" such as Defendant F&S Produce Company, Inc. have a duty to qualify and hire safe motor carriers/trucking companies.

48. In order to fulfill its duty to qualify and hire safe motor carriers/ trucking companies, a "shipper" has a duty to investigate a motor carrier's safety record.

49. It is the normal custom and practice for "shippers" such as F&S Produce Company, Inc. when hiring motor carriers/trucking companies, to perform a safety analysis of the motor carrier, including a review of drivers' driving histories before hiring the motor carrier to ship its goods.

50. On or prior to February 13, 2021, F&S Produce Company, Inc. hired Pipco Transportation, Inc. to transport a load of food products.

51. When F&S Produce Company, Inc. chose Pipco Transportation, Inc. to transport its food products on February 13, 2021, in interstate commerce, Pipco Transportation, Inc. became a contractor of F&S Produce Company, Inc.

52. On February 13, 2021, Defendant Pipco Transportation, Inc. used a tractor it leased or acquired from Defendant Farm Credit East ACA to transport a load of food products.

53. On February 13, 2021, Pipco Transportation, Inc. used a trailer it leased or acquired from Defendant Farm Credit East ACA for the transport of a load of food products.

54. On February 13, 2021, Defendant Pipco Transportation Inc. assigned its driver, Defendant Ronnie Seamon, to transport F&S Produce Company, Inc.'s food products.

55. At all material times, Defendants Pipco Transportation, Inc. and F&S Produce Company, Inc. were the employers of Defendant Ronnie Seamon.

56. On February 13, 2021, Defendant Ronnie Seamon was operating a commercial tractor trailer truck arising out of and in the course and scope of his employment with Defendants Pipco Transportation, Inc. and F&S Produce Company, Inc. and transporting a load for the "shipper" – Defendant F&S Produce Company, Inc.

57. The transportation of food products by Pipco Transportation, Inc., on February 13, 2021 was in furtherance of the business of Defendants Farm Credit East ACA, Pipco Transportation, Inc. and F&S Produce Company, Inc.

58. The transportation of food products for F&S Produce Company, Inc. on February 13, 2021 was within the required time and space requirements imposed on Pipco Transportation, Inc., by F&S Produce Company, Inc.

59. When F&S Produce Company, Inc. chose Pipco Transportation, Inc. to transport its food products in interstate commerce on February 13, 2021, F&S Produce Company, Inc. became the effective or statutory employer of Defendant Pipco Transportation, Inc. and of Defendant Ronnie Seamon.

60. On February 13, 2021, Defendants Pipco Transportation, Inc. and Ronnie Seamon were, at all relevant times, in the course and scope of their employment with F&S Produce Company, Inc.

61. When Defendant F&S Produce Company, Inc. chose Pipco Transportation, Inc., to transport its products on February 13, 2021, in interstate commerce, Pipco Transportation, Inc., became a contractor of F&S Produce Company, Inc.

62. On February 13, 2021, Defendants Ronnie Seamon, Farm Credit East ACA, F&S Produce Company, Inc. and Pipco Transportation, Inc. all had a common goal: to move goods for profit.

63. On February 13, 2021, Defendants Farm Credit East ACA, F&S Produce Company, Inc. and Pipco Transportation, Inc. managed the interstate transportation of food products for mutual profit.

64. At all relevant times, Defendants Ronnie Seamon, Farm Credit East ACA, F&S Produce Company, Inc. and Pipco Transportation, Inc. all profited from the mutual relationship with one another concerning the delivery of food products by Ronnie Seamon and Pipco Transportation, Inc.

65. Defendant F&S Produce Company, Inc. is a highly sophisticated "shipper," routinely shipping 100 million pounds of food products annually with motor carriers/trucking companies on the roads of this nation.

66. Defendant F&S Produce Company, Inc.'s business involves the regular qualifying and hiring of motor carriers/trucking companies and drivers to transport loads to its customers.

67. Defendant F&S Produce Company, Inc. was responsible for the standards they used to qualify and hire motor carriers/trucking companies and drivers to haul their goods to their customers in interstate commerce.

68. Defendant F&S Produce Company, Inc. failed to ensure they had the proper rules, regulations, policies, and procedures in place to qualify and hire safe motor carriers/trucking companies and drivers.

69. At all relevant times, F&S Produce Company, Inc. had the capacity and ability to determine the safety, fitness, and suitability of Defendants Ronnie Seamon and Pipco Transportation, Inc. to transport their goods in interstate commerce and on America's roads and highways.

70. Defendant F&S Produce Company, Inc. did not obtain a written safety plan from Defendant Pipco Transportation, Inc. prior to hiring it on or prior to February 13, 2021 to deliver their products.

71. Defendant F&S Produce Company, Inc. never checked with Defendant Pipco Transportation, Inc. to determine if Pipco was taking meaningful steps to become a safer

motor carrier and improve its driver safety and fleet safety practices before assigning their loads to Pipco.

72. Defendant F&S Produce Company, Inc. never checked with Defendant Pipco Transportation, Inc. or by other available means to determine if Defendant Ronnie Seamon was a safe driver and if he was fit to transport its food products on America's roads and highways.

73. Defendant F&S Produce Company, Inc. specifically chose to hire Pipco Transportation, Inc. to haul their goods when they knew, had reason to know, or should have known that Defendant Ronnie Seamon was an unsafe and unfit driver and that Pipco did not take sufficient measures to research, vet, qualify, supervise and train its employees.

74. Defendant Pipco Transportation, Inc., was, and remained at all relevant times, an incompetent and unsafe motor carrier/trucking company, which Defendants Farm Credit East ACA and F&S Produce Company, Inc. knew, had reason to know, or should have known.

75. The harm to Plaintiff's Decedent Mustapha Faddi was caused by Defendant Ronnie Seamon and Defendant Pipco Transportation, Inc.'s known incompetence, unfitness for driving, prior accidents, safety violations, inadequate safety management systems, and inadequate research, vetting, qualification, supervision and training of its employees.

76. Defendant Pipco Transportation, Inc.'s actions and inactions as described herein were negligent and, combined with the negligent acts of Defendants Ronnie Seamon, Farm Credit East ACA and F&S Produce Company, Inc., were the proximate cause of the damages to the plaintiff.

77. Defendants Farm Credit East ACA, F&S Produce Company, Inc. and Pipco Transportation, Inc. knew, or should have known, prior to all the relevant dates in this case, that putting unsafe motor carriers/trucking companies on the road was likely to result in wrecks causing serious injury and death.

78. A trucking company must use only qualified drivers to prevent crashes & protect everyone from injury and death.

79. A shipper must choose a competent, safe and careful trucking company and competent, safe and careful drivers to ship its goods to prevent disaster on the highways.

80. Tractor trailers must follow the safety rules of the road to prevent crashes & protect everyone from injury and death.

8

### Count I
**Jmia Faddi, as Personal Representative of the**
**Estate of Mustapha Faddi v. Ronnie Seamon**
*Gross Negligence – Wrongful Death, Personal Injury, Property Damage*
*M.G.L. c. 229, §§ 2, 6*

81. Plaintiffs restate and reallege the statements made in paragraphs 1- 80 of the Complaint, and incorporate them by reference herein.

82. At all relevant times, Defendant driver Ronnie Seamon owed a duty to Plaintiff's Decedent Mustapha Faddi to operate the commercial tractor trailer truck he was driving with due care.

83. On February 13, 2021 at approximately 5:55 AM, the Defendant, Ronnie Seamon, operated a motor vehicle in a careless, reckless, and grossly negligent manner, and thereby breached his duty of care to Plaintiff's Decedent Mustapha Faddi, when the motor vehicle he was operating struck Mustapha Faddi and his vehicle, thereby causing a motor vehicle accident.

84. As a direct and proximate result of the gross negligence of the Defendant, Ronnie Seamon, Plaintiff's Decedent Mustapha Faddi sustained severe personal injuries, was prevented from transacting his business, suffered great pain of body and mind, incurred hospital and medical expenses, and was caused to die.

85. As a direct and proximate result of the gross negligence of the Defendant, Ronnie Seamon, Plaintiff's Decedent Mustapha Faddi consciously suffered great pain of body and mind before he died.

86. As a direct and proximate result of the gross negligence of the Defendant, Ronnie Seamon, the automobile owned and operated by Plaintiff's Decedent Mustapha Faddi sustained significant property damage.

WHEREFORE, the Plaintiff, Jmia Faddi, As Personal Representative of the Estate of Mustapha Faddi, demands judgment against the Defendant, Ronnie Seamon, for all damages recoverable pursuant to M.G.L. c. 229, §§2 and 6, including punitive damages in an amount sufficient to punish the Defendant and deter others from similar misconduct, and for tort damages for negligence, including but not limited to property damage, together with interest and costs.

### Count II
**Jmia Faddi, as Personal Representative of the Estate of**
**Mustapha Faddi v. Pipco Transportation, Inc.**
*Gross Negligence- Wrongful Death, Personal Injury, Property Damage*
*M.G.L. c. 229, §§ 2, 6*

9

87. Plaintiffs restate and reallege the statements made in paragraphs 1 -86 of the Complaint, and incorporate them by reference herein.

88. Defendant, Pipco Transportation, Inc., committed the following negligent, grossly negligent and reckless acts or omissions:

    a.  Negligently hiring unfit truck driver Ronnie Seamon;
    b.  Negligently employing unfit truck driver Ronnie Seamon;
    c.  Negligently failing to research, vet and qualify its employees, including Ronnie Seamon;
    d.  Negligently failing to train its employees, including Ronnie Seamon;
    e.  Negligently failing to supervise its employees, including Ronnie Seamon;
    f.  Negligently retaining Ronnie Seamon as an employee;
    g.  Negligently failing to follow Department of Transportation regulations and Federal Motor Carrier safety regulations;
    h.  Negligently entrusting a motor vehicle to Defendant Ronnie Seamon, a person who was unfit to drive the vehicle, whose unfitness to drive caused the subject collision, and whose unfitness to drive was known or should have been known by Pipco Transportation, Inc. prior to the subject accident;
    i.  Such other negligent, grossly negligent and improper actions as may be discovered in the further investigation and pre-trial discovery of this claim.

89. As a direct and proximate result of the gross negligence of the Defendant, Pipco Transportation, Inc., the Plaintiff's Decedent, Mustapha Faddi, sustained severe personal injuries, was prevented from transacting his business, suffered great pain of body and mind, incurred hospital and medical expenses, and was caused to die.

90. As a direct and proximate result of the gross negligence of the Defendant, Pipco Transportation, Inc., Plaintiff's Decedent Mustapha Faddi consciously suffered great pain of body and mind before he died.

91. As a direct and proximate result of the gross negligence of the Defendant, Pipco Transportation, Inc., the automobile owned and operated by Plaintiff's Decedent Mustapha Faddi sustained significant property damage.

WHEREFORE, the Plaintiff, Jmia Faddi, As Personal Representative of the Estate of Mustapha Faddi, demands judgment against the Defendant, Pipco Transportation, Inc., for all damages recoverable pursuant to M.G.L. c. 229, §§2 and 6, including punitive damages in an amount sufficient to punish the Defendants and deter others from similar misconduct, and for tort damages for negligence, including but not limited to property damage, together with interest and costs.

## Count III
### Jmia Faddi, as Personal Representative of the Estate of
### Mustapha Faddi v. F&S Produce Company, Inc.
### *Gross Negligence- Wrongful Death, Personal Injury, Property Damage*
### *M.G.L. c. 229, §§ 2, 6*

92. The Plaintiffs restate and reallege the statements made in paragraphs 1 - 91 of the Complaint, and incorporate them by reference herein.

93. Defendant, F&S Produce Company, Inc. committed the following negligent, grossly negligent and reckless acts or omissions:

   a. Negligently selecting motor carrier Pipco Transportation, Inc. to transport its products;
   b. Negligently allowing unfit truck driver Ronnie Seamon to transport its products;
   c. Negligently hiring unfit truck driver Ronnie Seamon;
   d. Negligently employing unfit truck driver Ronnie Seamon;
   e. Negligently failing to research, vet and qualify its motor carriers and the individuals who would be transporting its products;
   f. Negligently failing to train its employees, and the employees of its chosen motor carrier;
   j. Negligently failing to supervise its employees, and the employees of its chosen motor carrier;
   k. Negligently retaining Ronnie Seamon as an employee;
   l. Negligently failing to ensure that the motor carrier it selected followed Department of Transportation regulations and Federal Motor Carrier safety regulations;
   m. Negligently entrusting a motor vehicle to Defendant Ronnie Seamon, a person who was unfit to drive the vehicle, whose unfitness to drive caused the subject collision, and whose unfitness to drive was known or should have been known by F&S Produce Company, Inc. prior to the subject automobile crash;
   n. Such other negligent, grossly negligent and improper actions as may be discovered in the further investigation and pre-trial discovery of this claim.

94. As a direct and proximate result of the gross negligence of the Defendant, F&S Produce Company, Inc., the Plaintiff's Decedent, Mustapha Faddi, sustained severe personal injuries, was prevented from transacting his business, suffered great pain of body and mind, incurred hospital and medical expenses, and was caused to die.

95. As a direct and proximate result of the gross negligence of the Defendant, F&S Produce Company, Inc., Plaintiff's Decedent Mustapha Faddi consciously suffered great pain of body and mind before he died.

96. As a direct and proximate result of the gross negligence of the Defendant, F&S Produce Company, Inc., the automobile owned and operated by Plaintiff's Decedent Mustapha Faddi, sustained significant property damage.

WHEREFORE, the Plaintiff, Jmia Faddi, As Personal Representative of the Estate of Mustapha Faddi, demands judgment against the Defendant, F&S Produce Company, Inc., for all damages recoverable pursuant to M.G.L. c. 229, §§2 and 6, including punitive damages in an amount sufficient to punish the Defendants and deter others from similar misconduct, and for tort damages for negligence, including but not limited to property damage, together with interest and costs.

### Count IV
**Jmia Faddi, as Personal Representative of the Estate of**
**Mustapha Faddi v. Pipco Transportation, Inc.**
*Vicarious Liability – Wrongful Death, Personal Injury, Property Damage*
*M.G.L. c. 229, §§ 2, 6*

97. Plaintiffs restate and reallege the assertions contain in paragraphs 1-96 of this Complaint and incorporate them by reference herein.

98. As a matter of law, a tractor trailer truck driver can have multiple employers for a single trip. <u>Zamolla v. Hart</u>, 31 F.3d 911, 916 (9th Cir. 1994).

99. On February 13, 2021, the Defendant, Ronnie Seamon, operated a motor vehicle in a careless, reckless, and grossly negligent manner while in the course and scope of his employment with the Defendant, Pipco Transportation, Inc., when the motor vehicle he was operating struck Plaintiff's Decedent Mustapha Faddi and his motor vehicle, thereby causing a motor vehicle accident.

100. At all times relevant, Defendant Ronnie Seamon was acting in the course and scope of his agency and/or employment with Defendant Pipco Transportation, Inc.

101. The Defendant, Pipco Transportation, Inc., is vicariously liable for the negligence of its employee/agent, Defendant Ronnie Seamon, while in the course and scope of his employment with Defendant, pursuant to the doctrine of *respondeat superior*.

102. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which the Defendant, Pipco Transportation, Inc., is vicariously liable, Plaintiff's Decedent Mustapha Faddi sustained severe personal injuries, was prevented from transacting his business, suffered great pain of body and mind, incurred hospital and medical expenses, and was caused to die.

103. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which the Defendant, Pipco Transportation, Inc., is vicariously liable, Plaintiff's Decedent Mustapha Faddi consciously suffered great pain of body and mind before he died.

104. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which the Defendant, Pipco Transportation, Inc., is vicariously liable, the

automobile owned and operated by Plaintiff's Decedent Mustapha Faddi sustained significant property damage.

WHEREFORE, the Plaintiff, Jmia Faddi, As Personal Representative of the Estate of Mustapha Faddi, demands judgment against the Defendant, Pipco Transportation, Inc., for all damages recoverable pursuant to M.G.L. c. 229, §§2 and 6, including punitive damages in an amount sufficient to punish the Defendants and deter others from similar misconduct, and for tort damages for negligence, including but not limited to property damage, together with interest and costs.

### Count V
**Jmia Faddi, as Personal Representative of the Estate of**
**Mustapha Faddi v. F&S Produce Company, Inc.**
*Vicarious Liability – Wrongful Death, Personal Injury, Property Damage*
*M.G.L. c. 229, §§ 2, 6*

105. Plaintiffs restate and reallege the assertions contain in paragraphs 1-104 of this Complaint and incorporate them by reference herein.

106. As a matter of law, a tractor trailer truck driver can have multiple employers for a single trip. Zamolla v. Hart, 31 F.3d 911, 916 (9th Cir. 1994).

107. On February 13, 2021, the Defendant, Ronnie Seamon, operated a motor vehicle in a careless, reckless, and grossly negligent manner while in the course and scope of his employment with the Defendant, F&S Produce Company, Inc., when the motor vehicle he was operating struck Plaintiff's Decedent Mustapha Faddi and his motor vehicle, thereby causing a motor vehicle accident.

108. At all times relevant, Defendant Ronnie Seamon was acting in the course and scope of his agency and/or employment with Defendant F&S Produce Company, Inc.

109. The Defendant, F&S Produce Company, Inc., is vicariously liable for the negligence of its employee/agent, Defendant Ronnie Seamon, while in the course and scope of his employment with Defendant, pursuant to the doctrine of *respondeat superior*.

110. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which the Defendant, F&S Produce Company, Inc., is vicariously liable, Plaintiff's Decedent Mustapha Faddi sustained severe personal injuries, was prevented from transacting his business, suffered great pain of body and mind, incurred hospital and medical expenses, and was caused to die.

111. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which the Defendant, F&S Produce Company, Inc., is vicariously liable, Plaintiff's Decedent Mustapha Faddi consciously suffered great pain of body and mind before he died.

112. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which the Defendant, F&S Produce Company, Inc., is vicariously liable, the automobile owned and operated by Plaintiff's Decedent Mustapha Faddi sustained significant property damage.

WHEREFORE, the Plaintiff, Jmia Faddi, As Personal Representative of the Estate of Mustapha Faddi, demands judgment against the Defendant, F&S Produce Company, Inc., for all damages recoverable pursuant to M.G.L. c. 229, §§2 and 6, including punitive damages in an amount sufficient to punish the Defendants and deter others from similar misconduct, and for tort damages for negligence, including but not limited to property damage, together with interest and costs.

## Count VI
### Jmia Faddi, as Personal Representative of the Estate of Mustapha Faddi v. Farm Credit East ACA
*Negligence by Virtue Of Ownership Of The Vehicle*
*Pursuant To M.G.L. c. 231, §85A and M.G.L. c. 229, §§ 2, 6*
*Wrongful Death, Personal Injury, Property Damage*

113. Plaintiffs restate and reallege the assertions contain in paragraphs 1-112 of this Complaint and incorporate them by reference herein.

114. On February 13, 2021, the Defendant, Farm Credit East ACA, was the registered owner of the motor vehicle being operated by and under the control of Defendant Ronnie Seamon, which serves as prima facie evidence that Defendant Farm Credit East ACA is legally responsible for co-Defendant Ronnie Seamon's negligence pursuant to M.G.L. c. 231, §85A.

115. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which Defendant Farm Credit East ACA is legally responsible pursuant to M.G.L. c. 231, §85A, Plaintiff's Decedent Mustapha Faddi sustained severe personal injuries, was prevented from transacting his business, suffered great pain of body and mind, incurred hospital and medical expenses, and was caused to die.

116. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which Defendant Farm Credit East ACA is legally responsible pursuant to M.G.L. c. 231, §85A, Plaintiff's Decedent Mustapha Faddi consciously suffered great pain of body and mind before he died.

117. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which Defendant Farm Credit East ACA is legally responsible pursuant to M.G.L. c. 231, §85A, the automobile owned and operated by Plaintiff's Decedent Mustapha Faddi sustained significant property damage.

WHEREFORE, the Plaintiff, Jmia Faddi, As Personal Representative of the Estate of Mustapha Faddi, demands judgment against the Defendant, Farm Credit East ACA, for

all damages recoverable pursuant to M.G.L. c. 229, §§2 and 6, including punitive damages in an amount sufficient to punish the Defendants and deter others from similar misconduct, and for tort damages for negligence, including but not limited to property damage, together with interest and costs.

## Count VII
### Jmia Faddi, Individually, Mehdi Faddi, Zakaria Faddi and Soufiane Faddi
### v. Ronnie Seamon
### *Negligence – Loss Of Consortium*

118. Plaintiffs restate and reallege the statements made in paragraphs 1-117 of the Complaint, and incorporate them by reference herein.

119. On February 13, 2021, the Defendant, Ronnie Seamon, operated a motor vehicle in a careless, reckless, and grossly negligent manner, when the motor vehicle he was operating struck Plaintiff's Decedent Mustapha Faddi and his vehicle, thereby causing a motor vehicle accident.

120. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, Plaintiff's Decedent Mustapha Faddi was caused to die.

121. As a direct and proximate result of the negligence of Defendant, Ronnie Seamon, Plaintiff Jmia Faddi has lost the consortium, companionship, comfort and society of her husband, Mustapha Faddi.

122. As a direct and proximate result of the negligence of Defendant, Ronnie Seamon, Plaintiffs Mehdi Faddi, Zakaria Faddi and Soufiane Faddi have each lost the consortium, companionship, comfort and society of their father, Mustapha Faddi.

WHEREFORE, the Plaintiffs, Jmia Faddi, Individually, Mehdi Faddi, Zakaria Faddi and Soufiane Faddi, demand judgment against the Defendant, Ronnie Seamon, in the full amount of Plaintiffs' damages plus interest and costs.

## Count VIII
### Jmia Faddi, Individually, Mehdi Faddi, Zakaria Faddi and Soufiane Faddi
### v. Pipco Transportation, Inc.
### *Negligence – Loss Of Consortium – Vicarious Liability*

123. Plaintiffs restate and reallege the statements made in paragraphs 1-122 of the Complaint, and incorporate them by reference herein.

124. As a matter of law, a tractor trailer truck driver can have multiple employers for a single trip. Zamolla v. Hart, 31 F.3d 911, 916 (9th Cir. 1994).

125. On at approximately February 13, 2021, the Defendant, Ronnie Seamon, operated a motor vehicle in a careless, reckless, and grossly negligent manner while in the course and scope of his employment with the Defendant, Pipco Transportation, Inc., when the motor vehicle he was operating struck Plaintiff's Decedent Mustapha Faddi and his vehicle, thereby causing a motor vehicle accident.

126. The Defendant, Pipco Transportation, Inc., is vicariously liable for the negligence of its employee/agent, Defendant Ronnie Seamon, while in the course and scope of his employment with Defendant Pipco Transportation, Inc. pursuant to the doctrine of *respondeat superior*.

127. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which Defendant Pipco Transportation, Inc. is vicariously liable, Plaintiff's Decedent Mustapha Faddi was caused to die.

128. As a direct and proximate result of the negligence of Defendant, Ronnie Seamon, for which Defendant Pipco Transportation, Inc. is vicariously liable, Plaintiff Jmia Faddi has lost the consortium, companionship, comfort and society of her husband, Mustapha Faddi.

129. As a direct and proximate result of the negligence of Defendant, Ronnie Seamon, for which Defendant Pipco Transportation, Inc. is vicariously liable, Plaintiffs Mehdi Faddi, Zakaria Faddi and Soufiane Faddi have each lost the consortium, companionship, comfort and society of their father, Mustapha Faddi.

WHEREFORE, the Plaintiffs, Jmia Faddi, Individually, Mehdi Faddi, Zakaria Faddi and Soufiane Faddi, demand judgment against the Defendant, Pipco Transportation, Inc., in the full amount of Plaintiffs' damages plus interest and costs.

## Count IX
### Jmia Faddi, Individually Mehdi Faddi, Zakaria Faddi and Soufiane Faddi
### v. F&S Produce Company, Inc.
### *Negligence – Loss Of Consortium – Vicarious Liability*

130. Plaintiffs restate and reallege the statements made in paragraphs 1-129 of the Complaint, and incorporate them by reference herein.

131. As a matter of law, a tractor trailer truck driver can have multiple employers for a single trip. Zamolla v. Hart, 31 F.3d 911, 916 (9th Cir. 1994).

132. On at approximately February 13, 2021, the Defendant, Ronnie Seamon, operated a motor vehicle in a careless, reckless, and grossly negligent manner while in the course and scope of his employment with the Defendant, F&S Produce Company, Inc., when the motor vehicle he was operating struck Plaintiff's Decedent Mustapha Faddi and his vehicle, thereby causing a motor vehicle accident.

133. The Defendant, F&S Produce Company, Inc., is vicariously liable for the negligence of its employee/agent, Defendant Ronnie Seamon, while in the course and scope of his employment with Defendant F&S Produce Company, Inc. pursuant to the doctrine of *respondeat superior*.

134. As a direct and proximate result of the negligence of the Defendant, Ronnie Seamon, for which Defendant F&S Produce Company, Inc. is vicariously liable, Plaintiff's Decedent Mustapha Faddi was caused to die.

135. As a direct and proximate result of the negligence of Defendant, Ronnie Seamon, for which Defendant F&S Produce Company, Inc. is vicariously liable, Plaintiff Jmia Faddi has lost the consortium, companionship, comfort and society of her husband, Mustapha Faddi.

136. As a direct and proximate result of the negligence of Defendant, Ronnie Seamon, for which Defendant F&S Produce Company, Inc. is vicariously liable, Plaintiffs Mehdi Faddi, Zakaria Faddi and Soufiane Faddi have each lost the consortium, companionship, comfort and society of their father, Mustapha Faddi.

WHEREFORE, the Plaintiffs, Jmia Faddi, Individually, Mehdi Faddi, Zakaria Faddi and Soufiane Faddi, demand judgment against the Defendant, F&S Produce Company, Inc., in the full amount of Plaintiffs' damages plus interest and costs.

### Count X
**Jmia Faddi, as Personal Representative of the Estate of Mustapha Faddi v. F&S Produce Company, Inc.**
*Gross Negligence – Restatement (Second) Torts §411 –*
*Negligence In The Selection Of A Contractor*
*M.G.L. c. 229, §§2, 6*

137. Plaintiffs restate and reallege the statements made in paragraphs 1-136 of the Complaint, and incorporate them by reference herein.

138. Defendant F&S Produce Company, Inc. was a "shipper" as defined in 49 CFR §390.5: "person who tenders property to a motor carrier or driver of a commercial motor vehicle for transportation in interstate commerce."

139. Defendant F&S Produce Company, Inc. was a sophisticated, not casual, "shipper" of goods in interstate commerce.

140. "Shippers" are an integral part of the transportation supply chain.

141. One who is regularly engaged in the commercial enterprise of interstate "shipping" – as Defendant F&S Produce Company, Inc. was at all relevant times – have a duty of reasonable care in the selection of a motor carrier/trucking company.

142. "Shippers," like Defendant F&S Produce Company, Inc., have a duty to make a reasonable inquiry as to the competence of a motor carrier/trucking company and its drivers before putting it into motion on the highways where the public has access.

143. "Shippers," like Defendant F&S Produce Company, Inc. have a continuing duty to inquire into the competence of a motor carrier/trucking company and that of its drivers beyond the initial hiring.

144. "Shippers," like Defendant F&S Produce Company, Inc. have a duty to check the safety history of a motor carrier/trucking company and its drivers before hiring the motor carrier/trucking company and putting it into motion on the highways where the public has access.

145. "Shippers," like Defendant F&S Produce Company, Inc., have a duty to maintain internal records of the motor carriers/trucking companies with which it contracts to assure they are not manipulating their business practices in order to avoid unsatisfactory safety ratings, and to ensure that their drivers are safe and fit to drive commercial tractor trailer trucks.

146. A "shipper" like Defendant F&S Produce Company, Inc., has a duty to use reasonable care in the selection of a motor carrier/trucking company and of drivers to further the critical federal interest in protecting drivers and passengers on the nation's highways.

147. At all relevant times, every relevant standard of care, including the industry standard of care, required Defendant F&S Produce Company, Inc. to qualify motor carriers/trucking companies and their drivers as safe before hiring them, to protect the public.

148. At all relevant times, Defendant F&S Produce Company, Inc. had a duty to exercise reasonable care in employing a competent and careful contractor (with competent, safe drivers) to do work which involves a risk of physical harm to third persons unless it is skillfully and carefully done, or to perform any duty which they owe to third persons (Restatement (Second) Torts, §411.)

149. At all relevant times, Defendant F&S Produce Company, Inc. employed Defendant Pipco Transportation, Inc. as a contractor to transport goods in interstate commerce.

150. Defendant F&S Produce Company, Inc. was negligent, grossly negligent and/or reckless in their selection of the motor carrier, Defendant Pipco Transportation, Inc.

18

151. The negligence, gross negligence and/or reckless conduct of Defendant F&S Produce Company, Inc. was the direct and proximate cause of the death of Plaintiff's decedent Mustapha Faddi.

152. A tractor trailer truck is not an inherently dangerous thing within itself; however, when operated by an unfit, unsafe and/or unqualified driver, it becomes dangerous.

153. Driving a tractor trailer truck involves a foreseeable risk of harm to others unless it is skillfully, safely and carefully done.

154. At all relevant times, Defendant Pipco Transportation, Inc. was not a competent, safe and careful motor carrier; Defendant Ronnie Seamon was not a competent, safe and careful truck driver; and Defendant F&S Produce Company, Inc. was negligent, grossly negligent and/or reckless in its selection of Pipco as a contractor and Seamon as a driver.

155. Defendant Pipco Transportation, Inc. and its drivers, including Defendant Ronnie Seamon, did not possess the knowledge, skill, experience, personal characteristics and equipment which a reasonable person would realize that an independent contractor must have in order to do the work which he contracts to do without creating unreasonable risk of injury to others, and Defendant F&S Produce Company, Inc. was negligent, grossly negligent and/or reckless in their selection of Pipco as a contractor and their selection of Seamon as a driver.

156. Defendant F&S Produce Company, Inc. failed to use reasonable care in qualifying and vetting Pipco Transportation, Inc. and its drivers, and in failing to develop or enforce appropriate guidelines consistent with prevailing safety standards and applicable law.

157. Defendant F&S Produce Company, Inc. failed to use reasonable care in hiring Defendant Pipco Transportation, Inc. and in investigating its safety management systems and its compliance with applicable trucking safety regulations, as well as the publicly available safety performance of Pipco, and the accident history and safety of Pipco's drivers, including Ronnie Seamon.

158. Defendant F&S Produce Company, Inc. knew, or in the exercise of reasonable care, should have known, that Defendant Pipco Transportation, Inc. was an unsafe and incompetent motor carrier, and that its drivers (including Defendant Ronnie Seamon) were similarly unsafe and incompetent.

159. The same deficient characteristics, traits and qualities which rendered Defendant Pipco Transportation, Inc. and its drivers (including Defendant Ronnie Seamon) unsafe and incompetent are the same deficient characteristics, traits and qualities that proximately caused the subject crash and the death of Plaintiff's Decedent Mustapha Faddi.

160. The negligence, gross negligence and/or reckless conduct of Defendant F&S Produce Company, Inc. as described herein was a direct and proximate cause of the subject crash and death of Plaintiff's decedent Mustapha Faddi.

161. The negligence, gross negligence and/or reckless acts of Defendant F&S Produce Company, Inc. set in motion and made probable the foreseeable consequences and constituted a succession of events so linked together as to make a natural whole, proximately causing the crash and death of Plaintiff's Decedent Mustapha Faddi.

162. As a direct and proximate result of the gross negligence of the Defendant, F&S Produce Company, Inc., Plaintiff's Decedent Mustapha Faddi was prevented from transacting his business, suffered great pain of body and mind, incurred hospital and medical expenses, and was caused to die.

163. As a direct and proximate result of the gross negligence of the Defendant, F&S Produce Company, Inc., Plaintiff's Decedent Mustapha Faddi consciously suffered great pain of body and mind before he died.

164. As a direct and proximate result of the gross negligence of the Defendant, F&S Produce Company, Inc., the automobile owned and operated by Plaintiff's Decedent Mustapha Faddi sustained significant property damage.

WHEREFORE, the Plaintiff, Jmia Faddi, As Personal Representative of the Estate of Mustapha Faddi, demands judgment against the Defendant, F&S Produce Company, Inc., for all damages recoverable pursuant to M.G.L. c. 229, §§2 and 6, including punitive damages in an amount sufficient to punish the Defendants and deter others from similar misconduct, and for tort damages for negligence, including but not limited to property damage, together with interest and costs.

## Count XI
### Jmia Faddi, as Personal Representative of the Estate of
### Mustapha Faddi v. Pipco Transportation, Inc.
### and  F&S Produce Company, Inc.
### *Single Enterprise, Joint Venture, Joint Enterprise – M.G.L. c. 229, §§2 and 6*

165. Plaintiffs restate and reallege the statements made in paragraphs 1-164 of the Complaint, and incorporate them by reference herein.

166. The Defendants, F&S Produce Company, Inc. and Pipco Transportation, Inc., were acting as joint venturers, and as a single enterprise and are indistinguishable entities, operate and act as a single entity or enterprise, have unity of interests, act together in relationship, and should be charged with each other's liabilities.

167. Defendants F&S Produce Company, Inc., and Pipco Transportation, Inc. sought to transport goods in interstate commerce and in doing so, were negligent, grossly negligent and/or reckless.

168.  Defendants F&S Produce Company, Inc., and Pipco Transportation, Inc. are:
    a.  Corporations with identity or substantial identity of ownership;
    b.  Corporations with common directors and/or officers;
    c.  Corporations with unified administrative control  whose business functions are similar or supplementary;
    d.  Corporations with directors and/or officers  not acting independently and in the interest of that corporation;
    e.  Corporations which hold themselves out to the public as related corporations;
    f.  Corporations which hold themselves out to the public as "sister corporations;"
    g.  Corporations financing one another;
    h.  Corporations using the same telephone numbers, addresses, and mailing facilities;
    i.  Corporations that integrated and/or intermingled their resources;
    j.  Corporations with inadequate capitalization;
    k.  Corporations with inadequate liability insurance;
    l.  Corporations causing the incorporation of another affiliated corporation;
    m. Corporations paying the salaries and other expenses or losses of each other;
    n.  Corporations receiving no business other than that given to it by its affiliated corporations;
    o.  Corporations using the property of  one another as its own;
    p.  Corporations not in compliance with corporate formalities;
    q.  Corporations intermingling common employees and resources;
    r.  Corporations utilizing the services of each other's employees on behalf of each other;
    s.  Corporations with a common office and/or facilities;
    t.  Corporations with centralized accounting;
    u.  Corporations with undocumented transfers of funds between them;
    v.  Corporations with unclear allocation of profits and losses between them;
    w. Corporations with excessive fragmentation of a single enterprise into separate corporations;
    x.  Corporations whose personalities have merged so that one corporation is a mere adjunct of another;
    y.  Corporations commingling funds between them and personally;
    z.  Corporations not conducting regular meetings of shareholders and directors;
    aa. Corporations with active and direct participation by their representatives exercising some form of pervasive control in the activities of each other causing fraudulent or injurious consequences;
    bb. Corporations intermingling activities with a substantial disregard of the separate nature of the corporate entities or serious ambiguity about the manner and capacity in which the various corporations and their representatives are acting;
    cc. Corporations that are not distributing dividends;
    dd. Corporations siphoning corporate funds by the dominant shareholders;
    ee. Corporations with non-functioning officers and/or directors, other than the shareholders; and
    ff. Corporations without adequate corporate records.

169. The death of Plaintiff's Decedent Mustapha Faddi was proximately caused by the negligence, gross negligence and/or reckless conduct of the Defendants, F&S Produce Company, Inc. and Pipco Transportation, Inc.

170. It would be an inequitable result if Defendants F&S Produce Company, Inc. and Pipco Transportation, Inc. were not held liable for each other's dubious manipulation and contrivance such that corporate identities are confused and third parties cannot be quite certain with what corporation they are dealing.

171. As a direct and proximate result of the gross negligence of the Defendants, Pipco Transportation, Inc. and F&S Produce Company, Inc., Plaintiff's Decedent Mustapha Faddi was prevented from transacting his business, suffered great pain of body and mind, incurred hospital and medical expenses, and was caused to die.

172. As a direct and proximate result of the gross negligence of the Defendants, Pipco Transportation, Inc. and F&S Produce Company, Inc., Plaintiff's Decedent Mustapha Faddi consciously suffered great pain of body and mind before he died.

173. As a direct and proximate result of the gross negligence of the Defendants, Pipco Transportation, Inc. and F&S Produce Company, Inc., the automobile owned and operated by Plaintiff's Decedent Mustapha Faddi sustained significant property damage.

WHEREFORE, the Plaintiff, Jmia Faddi, As Personal Representative of the Estate of Mustapha Faddi, demands judgment against Defendants F&S Produce Company, Inc. and Pipco Transportation, Inc. for all damages recoverable pursuant to M.G.L. c. 229, §§2 and 6, including punitive damages in an amount sufficient to punish the Defendants and deter others from similar misconduct, and for tort damages for negligence, including but not limited to property damage, together with interest and costs.

## Count XII
### Jmia Faddi, as Personal Representative of the Estate of
### Mustapha Faddi v. Farm Credit East ACA
### *Lease Liability – M.G.L. c. 229, §§2 and 6*

174. Plaintiffs restate and reallege the statements made in paragraphs 1-173 of the Complaint, and incorporate them by reference herein.

175. At all relevant times, Defendant Farm Credit East ACA was operating as an "employer" or lessor of an "employee" operating a "motor vehicle" upon the roads and highways for a commercial purpose of Defendant Farm Credit East ACA.

176. At all relevant times, Defendant Ronnie Seamon was an "employee" of Farm Credit East ACA as that term is defined by the Federal Motor Carrier Safety Regulations, specifically 49 CFR §390.5.

177. Defendant Farm Credit East ACA is vicariously liable as the statutory employer of Defendant Ronnie Seamon and/or pursuant to the doctrine of lease liability.

178. Defendant, Farm Credit East ACA had a duty to hire and employ safe motor carriers/trucking companies and tractor trailer drivers.

179. Defendant, Farm Credit East ACA was responsible for the parties it employed including Defendants Ronnie Seamon and Pipco Transportation, Inc., and chose to carry out the business of shipping in interstate commerce by using Ronnie Seamon and Pipco Transportation, Inc.

180. Defendant, Farm Credit East ACA was negligent, grossly negligent and reckless in the employment of Defendants Ronnie Seamon and Pipco Transportation, Inc., in carrying out its business.

181. The negligence, gross negligence and reckless conduct of the Defendant, Farm Credit East ACA was the proximate cause of the Plaintiff's death.

182. As a direct and proximate result of the gross negligence of the Defendant, Farm Credit East ACA, Plaintiff's Decedent Mustapha Faddi was prevented from transacting his business, suffered great pain of body and mind, incurred hospital and medical expenses, and was caused to die.

183. As a direct and proximate result of the gross negligence of the Defendant, Farm Credit East ACA, Plaintiff's Decedent Mustapha Faddi consciously suffered great pain of body and mind before he died.

184. As a direct and proximate result of the gross negligence of the Defendant, Farm Credit East ACA, the automobile owned and operated by Plaintiff's Decedent Mustapha Faddi sustained significant property damage.

WHEREFORE, the Plaintiff, Jmia Faddi, As Personal Representative of the Estate of Mustapha Faddi, demands judgment against Defendant Farm Credit East ACA for all damages recoverable pursuant to M.G.L. c. 229, §§2 and 6, including punitive damages in an amount sufficient to punish the Defendants and deter others from similar misconduct, and for tort damages for negligence, including but not limited to property damage, together with interest and costs.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY**

Dated: December 23, 2021

Respectfully Submitted,
The Plaintiffs,
JMIA FADDI, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF MUSTAPHA FADDI,
MEHDI FADDI, ZAKARIA FADDI, and
SOUFIANE FADDI,
By their attorney,

Charles M. Alpert, BBO# 631529
Law Offices of Charles M. Alpert
929 Worcester Road
Framingham, Massachusetts 01701
Tel: (508) 626-8885
Email: cmalpert@yahoo.com